Per Curiam.

The defendant insists that the declaration contained in the instrument found among the papers of Roper, that the mortgagee entered to foreclose, and the lease for three years, are sufficient evidence of a possession for the purpose of foreclosure. If the husband alone had owned the land, perhaps they would have been ; but it was the wife’s estate, and there is no evidence that she consented to or had knowledge of the supposed entry. In equity, she would be let in to redeem, care being taken that the right of the husband should be transferred to the mortgagee. The statute requires three years open and peaceable possession by the mortgagee, in order to a foreclosure by acts in pais.[1] Here there is no evidence of an entry or actual possession by the mortgagee. It does not appear whether this paper is an escrow or not.2 It can be evidence only by way of estoppel to the husband, and does not bind the wife. The case stated does not show that this was a complete transaction. There was a covenant by the husband to pay rent, but no demand was made for it; and no change of possession took place. The transaction must be considered as an attempt to create a foreclosure privately, and without the knowledge of the wife. On that ground it is bad in equity ; and it is bad in law, for want of evidence of a delivery of the paper.[3]

 See Swan v. Wiswall, 15 Pick. 128.
It is not necessary that the term escrow should be used, when an instru. ment is delivered to a third person, in order to give it that effect. The inten tion of the parties can be indicated in any other manner. Clark v. Gifford, 10 Wendell, 310.

 As to delivery of deeds, see Jackson v. Perkins, 2 Wendell, 308; Mills v. Gore, 20 Pick. 28; 4 Kent, (3d ed.) 454; Chadwick v. Webber, 3 Greenl. 141, Woodman v. Coolbroth, 7 Greenl. 181.